IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SOUTH CAROLINA COASTAL, CONSERVATION LEAGUE, et al., | ) Civil Action: 2:18-cv-00330-DCN ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| E. SCOTT PRUITT, in his official capacity as Administrator of the U.S. Environmental Protection Agency, et al., | ) ) ) ) |
| Defendants. | ) ) ) |

**THE UNITED STATES' ANSWER TO THE COMPLAINT**

Defendants E. Scott Pruitt (in his official capacity as Administrator of the United States Environmental Protection Agency), the United States Environmental Protection Agency ("EPA"), Ryan Fisher (in his official capacity as Acting Assistant Secretary of the Army, Civil Works Division), and the United States Army Corps of Engineers ("Corps") (collectively, "the United States"), respond as follows to Plaintiffs' Complaint.

1.      Paragraph 1 characterizes Plaintiffs' claims and otherwise asserts conclusions of law; accordingly, no response is required. The United States denies any remaining allegations in this paragraph.

2.      Paragraph 2 characterizes and quotes the Clean Water Act, 33 U.S.C. § 1251 et seq., which statute speaks for itself, and otherwise asserts conclusions of law, to which no response is required. The United States denies any remaining allegations in this paragraph.

3.      This first sentence of Paragraph 3 is unduly vague, and otherwise asserts a conclusion of law to which no response is required. The second sentence characterizes

and quotes Supreme Court case law, which speaks for itself.  In regard to the third sentence EPA and the Corps admit that they are the federal agencies charged with carrying out the Clean Water Act at the federal level; the remainder of this sentence quotes an EPA and Corps Proposed Rule, which speaks for itself.  The fourth sentence asserts a legal conclusion, to which no response is required.  The United States denies any remaining allegations in this paragraph.

4.     Paragraph 4 quotes and characterizes a Final Rule promulgated by EPA and the Corps in 2015, the "2015 Rule," which speaks for itself, and otherwise asserts legal conclusions to which no response is required.  The United States denies any remaining allegations in this paragraph.

5.     This first sentence of Paragraph 5 quotes a Final Rule promulgated by EPA and the Corps in 2018 (Plaintiffs call this the "Suspension Rule," but, in keeping with its title, the United States will refer to this rule as the "Applicability Date Rule"), which speaks for itself, and otherwise asserts legal conclusions to which no response is required.  In regard to the second sentence of this paragraph, the United States admits that Administrator Pruitt was formerly the Attorney General of Oklahoma, which state challenged the 2015 Rule.  Otherwise, the second and third sentence consists of vague and ambiguous characterizations and expressions of opinion, which the United States lacks sufficient information to admit or deny, and legal conclusions to which no response is required.  The United States denies any remaining allegations in this paragraph.

6.     The United States admits that Executive Order 13,778 was published in the Federal Register on February 28, 2017; otherwise, this sentence characterizes Plaintiffs' challenge, and accordingly no response is required.  The second sentence of

this paragraph characterizes and quotes a proposed rule, which speaks for itself.  In regard to the third sentence, the United States admits that it received more than 680,000 comments on the referenced proposed rule.  Otherwise, the remainder of this paragraph characterizes and quotes another proposed rule, which also speaks for itself.  The United States denies any remaining allegations in this paragraph.

7. In regard to the first sentence of Paragraph 7, the United States admits that the 2015 Rule was the result of a multi-year process including outreach and analysis; otherwise, this sentence quotes and characterizes the 2015 Rule, which speaks for itself.  The second and third sentences of this paragraph quote and characterize the proposed Applicability Date Rule, which speaks for itself.  The United States denies any remaining allegations in this paragraph.

8. The first sentence of Paragraph 8 asserts legal conclusions, to which no response is required; in any event, the United States denies that the Applicability Date Rule is arbitrary or unlawful.  The second sentence of this paragraph identifies the relief requested by Plaintiffs; to the extent any response is required, the United States denies the assertions made in this sentence.

## JURISDICTION AND VENUE

9. This paragraph states legal conclusions, to which no response is required. Any remaining allegations in this paragraph are denied.

10. This paragraph states legal conclusions, to which no response is required. Any remaining allegations in this paragraph are denied.

## PLAINTIFFS

11. Insofar as Paragraph 11 describes the Plaintiffs, that information is best known to Plaintiffs and the United States lacks knowledge or information sufficient to form a belief about the truth of such allegations. Otherwise, the paragraph quotes the Clean Water Act, which speaks for itself.

12. This paragraph describes one of the Plaintiffs, which information is best known to that Plaintiff, and the United States lacks knowledge or information sufficient to form a belief about the truth of such allegations.

13. This paragraph describes one of the Plaintiffs, which information is best known to that Plaintiff, and the United States lacks knowledge or information sufficient to form a belief about the truth of such allegations.

14. This paragraph describes one of the Plaintiffs, which information is best known to that Plaintiff, and the United States lacks knowledge or information sufficient to form a belief about the truth of such allegations.

15. This paragraph describes one of the Plaintiffs, which information is best known to that Plaintiff, and the United States lacks knowledge or information sufficient to form a belief about the truth of such allegations.

16. This paragraph describes one of the Plaintiffs, which information is best known to that Plaintiff, and the United States lacks knowledge or information sufficient to form a belief about the truth of such allegations.

17. This paragraph describes one of the Plaintiffs, which information is best known to that Plaintiff, and the United States lacks knowledge or information sufficient to form a belief about the truth of such allegations.

18. This paragraph describes one of the Plaintiffs, which information is best known to that Plaintiff, and the United States lacks knowledge or information sufficient to form a belief about the truth of such allegations.

19. This paragraph describes one of the Plaintiffs, which information is best known to that Plaintiff, and the United States lacks knowledge or information sufficient to form a belief about the truth of such allegations.

20. This paragraph describes one of the Plaintiffs, which information is best known to that Plaintiff, and the United States lacks knowledge or information sufficient to form a belief about the truth of such allegations.

21. Paragraph 21 asserts a legal conclusion, to which no response is required. The United States denies any remaining allegations in this paragraph.

22. The first sentence of Paragraph 22 asserts a legal conclusion, to which no response is required; to the extent any allegations remain or any response is required, the United States denies this assertion. The citation following the first sentence quotes from a publicly-available EPA and Corps document, which speaks for itself. In regard to the second sentence, the United States admits that the 2015 Rule addressed the jurisdictional status of Carolina Bays and pocosins; otherwise, this sentence asserts a legal conclusion to which no response is required. Any remaining allegations in this paragraph are denied.

23. Paragraph 23 asserts legal conclusions, to which no response is required. This paragraph also alleges injuries to Plaintiffs and their members, and the United States lacks sufficient knowledge or information to form a belief about the truth of such allegations. Any remaining allegations in this paragraph are denied.

24. The first sentence in Paragraph 24 characterizes the Applicability Date Rule, which speaks for itself, and asserts a legal conclusion regarding the impact of that Rule, to which no response is required. The second sentence in this paragraph quotes and characterizes the 2015 Rule, which speaks for itself. The third sentence in this paragraph also quotes the 2015 Rule, which speaks for itself, and otherwise asserts a legal conclusion, to which no response is required. Any remaining allegations in this paragraph are denied.

25. The first sentence in Paragraph 25 alleges facts regarding Plaintiffs and their members' interests, regarding which the United States lacks sufficient knowledge or information to form a belief about the truth of such allegations, and otherwise asserts a legal conclusion regarding the impact of the Applicability Date Rule, to which no response is required. The second sentence in this paragraph contains an assertion regarding Plaintiffs' interests and beliefs; the United States lacks sufficient knowledge or information to form a belief about the truth of such allegations. The third sentence asserts facts regarding the activities of Plaintiffs members, and the United States lacks sufficient knowledge or information to form a belief about the truth of such allegations. The fourth sentence asserts a legal conclusion, to which no response is required. Any remaining allegations in this paragraph are denied.

26. Paragraph 26 asserts legal conclusions regarding the scope and impact of the Applicability Date Rule, to which no response is required, and otherwise purports to characterize the impact of the Applicability Date Rule on Plaintiffs' resources, programs and activities, in regard to which the United States lacks sufficient knowledge or

information to form a belief about the truth of such allegations. Any remaining allegations in this paragraph are denied.

## DEFENDANTS

27. The United States admits the allegations in the first sentence of Paragraph 27. In regard to the second sentence, the United States admits that Mr. Pruitt formerly served as the Attorney General of Oklahoma, and that Oklahoma brought suit to challenge the 2015 Rule, but denies any remaining allegations in this sentence.

28. The United States admits the first sentence of this paragraph. In regard to the second sentence, EPA denies that it has taken a "recent turn toward eliminating essential environmental protections." The remainder of the second sentence, as well as the third sentence in this paragraph, purport to quote EPA's mission and purpose, which are set forth in full at the website cited and speak for themselves. EPA denies any remaining allegations in this paragraph.

29. The United States admits the allegations in this paragraph.

30. The United States admits the allegations in this paragraph.

## BACKGROUND

31. The first sentence of Paragraph 31 is a vague and overbroad statement of opinion; however, the United States admits that some of the nation's waters were polluted in the early 1970s. The remainder of this paragraph quotes congressional reports, which speak for themselves.

32. The first sentence of Paragraph 32 is again a vague and overbroad statement of opinion; again, however, the United States admits that some of the nation's waters were polluted in the early 1970s. The United States admits the second and third

7

sentences of this paragraph. The fourth sentence of this paragraph quotes a Senate report, which speaks for itself. The fifth sentence of this paragraph is a subjective statement of opinion, regarding which the United States lacks a sufficient basis to respond. The last sentence of this paragraph quotes a Senate report, which speaks for itself.

33. The first sentence in Paragraph 33 characterizes the Clean Water Act, which speaks for itself. The second sentence of this paragraph quotes that Act, which again speaks for itself. The third sentence of this paragraph quotes a Supreme Court case, which also speaks for itself.

34. The first sentence of Paragraph 34 quotes a Supreme Court case and characterizes the Clean Water Act, both of which speak for themselves. The second sentence of this paragraph quotes and characterizes the Clean Water Act, which speaks for itself, and otherwise asserts legal conclusions, to which no response is required. The third sentence of this paragraph quotes a Supreme Court case, which speaks for itself. The fourth sentence of this paragraph quotes and characterizes the Clean Water Act, which speaks for itself. The final sentence of this paragraph quotes a Supreme Court case, which speaks for itself.

35. In response to Paragraph 35, the United States admits that the Supreme Court has addressed the meaning of the statutory phrase "waters of the United States" on multiple occasions.

36. This paragraph quotes and characterizes a Supreme Court case, which speaks for itself.

37. This paragraph quotes and characterizes a Supreme Court case, which speaks for itself.

38. This paragraph quotes and characterizes a Supreme Court case, which speaks for itself.

39. This paragraph quotes and characterizes a Supreme Court case, which speaks for itself.

40. This paragraph quotes and characterizes a Supreme Court case, which speaks for itself.

41. This paragraph quotes and characterizes a Supreme Court case, which speaks for itself.

42. The first sentence of Paragraph 42 quotes and characterizes a guidance document jointly issued by EPA and the Corps, which speaks for itself. In regard to the second sentence, the United States admits that the referenced guidance document was not published in the Code of Federal Regulations; otherwise, this sentence is vague and asserts legal conclusions, to which no response is required. The United States denies any remaining allegations in this paragraph.

43. The first sentence of Paragraph 43 quotes a 2008 guidance document jointly issued by EPA and the Corps (the 2008 Guidance) and a Supreme Court case, both of which speak for themselves, and otherwise asserts legal conclusions, to which no response is required. The second and third sentences of this paragraph quote and characterize a Supreme Court case, which speaks for itself. The final sentence of this paragraph quotes comments made by some of the Plaintiffs on the referenced 2008 guidance document, which are publicly available and speak for themselves. The United States denies any remaining allegations in this paragraph.

44.     The first sentence of Paragraph 44 characterizes and quotes the 2008 Guidance, which speaks for itself.  The second sentence quotes a Supreme Court case, and otherwise asserts a legal conclusion, to which no response is required.  The third sentence of this paragraph quotes the 2015 Rule, which speaks for itself.  The United States denies any remaining allegations in this paragraph.

45.     The first phrase of the first sentence of Paragraph 45 is a vague and ambiguous statement of opinion, which the United States lacks sufficient basis to admit or deny.  The remainder of the first sentence quotes the 2015 Rule, which speaks for itself.  The second, third, and fourth sentences of this paragraph quote and characterizes the 2015 Rule, which speaks for itself.

46.     In regard to Paragraph 46, the United States admits that EPA and the Corps engaged in extensive research, analysis, and public outreach prior to promulgating the 2015 Rule.  The cited "Science Report" is publicly available and speaks for itself.

47.     The allegations in this paragraph quote and characterize a 2015 document published by EPA's Office of Research and Development (which Plaintiffs call the "Science Report"), which is publicly available and speaks for itself.

48.     The allegations in this paragraph quote and characterize the 2015 Rule, which speaks for itself.

49.     The allegations in this paragraph quote and characterize the 2015 Rule, which speaks for itself.

50.     The allegations in this paragraph quote and characterize the 2015 Rule, which speaks for itself.

51.     The allegations in this paragraph quote and characterize the 2015 Rule, which speaks for itself.

52.     In regard to the first sentence of Paragraph 52, the United States admits that it solicited and addressed public comments on the 2015 Rule; otherwise, this sentence is a vague and ambiguous statement of opinion, and the United States therefore lacks sufficient basis to admit or deny any remaining allegations.  The United States admits the second sentence of this paragraph.  The third sentence of this paragraph quotes the 2015 Rule, which speaks for itself.

53.     The United States admits the first sentence of Paragraph 53.  The second and third sentences of this paragraph quote and characterize a Federal Register notice, which speaks for itself.  The United States admits the fourth sentence of this paragraph.  The last sentence of this paragraph quotes the 2015 Rule, which speaks for itself.

54.     The first sentence of this paragraph contains plaintiffs' characterization of the rulemaking process for the 2015 Rule, which the United States lacks sufficient basis to admit or deny.  The second sentence of this paragraph is a vague and ambiguous expression of opinion, which the United States accordingly lacks sufficient basis to admit or deny.  The United States denies any remaining allegations in this paragraph.

55.     The first sentence of this paragraph is a vague and ambiguous expression of opinion, which the United States accordingly lacks sufficient basis to admit or deny.  The United States admits the second sentence of this paragraph.  The third sentence of this paragraph is a vague and ambiguous expression of opinion, which the United States accordingly lacks sufficient basis to admit or deny.  The United States denies any remaining allegations in this paragraph.

56. The first sentence in this paragraph quotes and characterizes a comment letter submitted regarding the proposed 2015 Rule, which document speaks for itself. The remainder of this paragraph quotes congressional testimony, which speaks for itself.

57. In regard to the first sentence of this paragraph, the United States admits that, as Attorney General of the State of Oklahoma, Mr. Pruitt brought suit on behalf of Oklahoma to challenge the 2015 Rule. The second sentence of this paragraph characterizes and quotes a Sixth Circuit case, which speaks for itself.

58. The first sentence of Paragraph 58 is a vague and ambiguous expression of opinion, which the United States accordingly lacks sufficient basis to admit or deny. The remainder of this paragraph quotes and characterizes an Executive Order, which speaks for itself. The United States denies any remaining allegations in this paragraph.

59. The first clause of the first sentence of this paragraph quotes and characterizes an Executive Order, which speaks for itself; the second clause of this sentence is a vague and ambiguous expression of opinion regarding the Administrator's subjective intent in regard to the 2015 Rule, which the United States accordingly lacks sufficient basis to admit or deny. The United States admits the second sentence of this paragraph. The third and fourth sentences of this paragraph quote a proposed rule, which speaks for itself. The last sentence of this paragraph characterizes that proposed rule, which speaks for itself, and otherwise asserts legal conclusions, to which no response is required. The United States denies any remaining allegations in this paragraph.

60. The first three sentences of this paragraph characterize and quote a proposed rule, which speaks for itself. The last sentence of this paragraph asserts a legal

conclusion, to which no response is required. The United States denies any remaining allegations in this paragraph.

61. The first sentence of this paragraph primarily characterizes the substance of a proposed rule, which speaks for itself; otherwise, the United States denies any remaining allegations in this sentence. The remainder of this paragraph quotes the referenced proposed rule, which speaks for itself.

62. The first sentence of this paragraph quotes a proposed rule, which speaks for itself, and otherwise is a vague and ambiguous expression of opinion, which the United States accordingly lacks sufficient basis to admit or deny. The second and third sentences quote and characterize a publicly available memorandum issued by EPA and the Corps, which speaks for itself.

63. The first sentence in this paragraph is a vague and ambiguous expression of opinion, which the United States lacks sufficient basis to admit or deny.  In regard to the second sentence of this paragraph, the United States denies that the referenced proposed rule was "hastily devised."  The remainder of that sentence, as well as the third and final sentences of this paragraph quote and characterize a rule proposal, which speaks for itself.  The United States denies any remaining allegations in this paragraph.

64. The first sentence in this paragraph is a vague and ambiguous expression of opinion, which the United States lacks sufficient basis to admit or deny.  The United States admits the second sentence of this paragraph. The third and final sentence of this paragraph quote and characterize a rule proposal, which speaks for itself.

65. The first sentence in this paragraph is a vague and ambiguous expression of opinion, which the United States lacks sufficient basis to admit or deny.  In regard to the

second sentence of this paragraph, the United States admits that the proposed Applicability Date Rule was published in the Federal Register on November 22, 2017, but denies any remaining allegations in this sentence. The remainder of this paragraph quotes and characterizes the proposed Applicability Date Rule, which speaks for itself. The United States denies any remaining allegations in this paragraph.

66. The allegations in this paragraph characterize the proposed Applicability Date Rule, which speaks for itself, and otherwise asserts conclusions of law, to which no response is required. The United States denies any remaining allegations in this paragraph.

67. The first sentence in this paragraph characterizes a Supreme Court case and quotes the final Applicability Date Rule, both of which speak for themselves. The remainder of this paragraph quotes and characterizes the Applicability Date Rule, which speaks for itself. The United States denies any remaining allegations in this paragraph.

**FIRST CAUSE OF ACTION**

68. Paragraph 68 incorporates by reference all prior paragraphs of the Complaint; therefore, no response is required. In any event, the United States incorporates by reference all preceding paragraphs of its Answer.

69. Paragraph 69 asserts a legal conclusion, to which no response is required. In any event, the United States denies the allegations in this paragraph.

70. Paragraph 70 quotes and characterizes the Administrative Procedure Act, which speaks for itself.

71. Paragraph 71 quotes and characterizes a series of federal cases; those judicial opinions speak for themselves.

72.     The first sentence in Paragraph 72 quotes the proposal of the Applicability Date Rule, which document speaks for itself, and otherwise asserts a legal conclusion to which no response is required. The second and third sentences in paragraph 72 quote and characterize a Fourth Circuit case, which speaks for itself. The United States denies any remaining allegations in this paragraph.

73.     The first sentence in Paragraph 73 is vague, but appears to primarily assert a legal conclusion, to which no response is required. The second sentence in this paragraph quotes the proposed Applicability Date Rule, which speaks for itself. The third sentence in this paragraph quotes and characterizes another proposed rule, which also speaks for itself. The fourth sentence asserts a legal conclusion, to which no response is required. The fifth sentence of this paragraph asserts a legal conclusion, to which no response is required. Any remaining allegations in this paragraph are denied.

## SECOND CAUSE OF ACTION

74.     Paragraph 74 incorporates by reference all prior paragraphs of the Complaint; therefore, no response is required. In any event, the United States incorporates by reference all preceding paragraphs of its Answer.

75.     Paragraph 75 asserts a legal conclusion, to which no response is required. In any event, the United States denies the allegations in this paragraph.

76.     The allegations in Paragraph 76 quote and characterize Supreme Court case law, which speaks for itself.

77.     The first sentence of Paragraph 77 quotes the proposed Applicability Date Rule, which speaks for itself, and otherwise asserts a legal conclusion, to which no response is required. The second and third sentences in this paragraph quote a Supreme

15

Court case and the proposed Applicability Date Rule, both of which speak for themselves, and otherwise asserts a legal conclusion, to which no response is required. The fourth sentence of this paragraph quotes the Clean Water Act, which speaks for itself, and otherwise asserts a legal conclusion, to which no response is required. The United States denies any remaining allegations in this paragraph.

78.     Paragraph 78 asserts a conclusion of law, to which no response is required. In any event, the United States denies this allegation.

### THIRD CAUSE OF ACTION

79.     Paragraph 79 incorporates by reference all prior paragraphs of the Complaint; therefore, no response is required. In any event, the United States incorporates by reference all preceding paragraphs of its Answer.

80.     Paragraph 80 asserts a legal conclusion, to which no response is required. In any event, the United States denies the allegations in this paragraph.

81.     The first sentence of Paragraph 81 quotes the Administrative Procedure Act, which speaks for itself, and otherwise asserts a legal conclusion, to which no response is required. The second sentence of this paragraph quotes a document published by the Office of the Federal Register, which is publicly available and speaks for itself. The third sentence of this paragraph quotes the proposed Applicability Date Rule, which speaks for itself, and otherwise asserts a legal conclusion, to which no response is required. The fourth sentence of this paragraph asserts legal conclusions, to which no response is required. The United States denies any remaining allegations in this paragraph.

## REQUEST FOR RELIEF

Paragraphs 82 through 85 of the Complaint consist of Plaintiffs' requested relief; accordingly, no response is required. To the extent any response is required, the United States denies that the requested relief is appropriate.

## GENERAL DENIAL

The United States denies any allegations in the Complaint not specifically admitted herein.

## DEFENSES

Without limiting or waiving any defenses available to it, the United States hereby asserts the following defenses:

1. Plaintiffs have failed to state a claim upon which relief may be granted.
2. The Court lacks jurisdiction.

## RESERVATION OF RIGHTS

The United States reserves the right to seek to amend its Answer by adding additional defenses as additional information is obtained.

## THE UNITED STATES' REQUEST FOR RELIEF

WHEREFORE, the United States respectfully requests that this Court:

1. Enter judgment against Plaintiffs; and

2. Provide the United States with such other relief as this Court deems just and equitable.

>Respectfully submitted
>
>BETH DRAKE
>UNITED STATES ATTORNEY
>
>By: *s/ Barbara M. Bowens*
>Barbara M. Bowens (#4004)
>Assistant United States Attorney
>1441 Main Street, Suite 500
>Columbia, SC  29201
>Phone:  (803)  929-3000
>Email:   Barbara.Bowens@usdoj.gov
>
>JEFFREY H. WOOD
>*Acting Assistant Attorney General*
>Environment and Natural Resources Division
>United States Department of Justice
>
>AMY J. DONA
>AMANDA SHAFER BERMAN
>United States Department of Justice
>Environmental Defense Section
>P.O. Box 7611
>Washington, DC 20044
>T: (202) 514-0223 (Dona)/1950 (Berman)
>Email:  amy.dona@usdoj.gov
>Email:  amanda.berman@usdoj.gov
>
>*Counsel for Defendant the United States*

May 18, 2018