# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| SOUTH CAROLINA COASTAL CONSERVATION LEAGUE, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ANDREW R. WHEELER, et al., | ) ) Case No. 2:18-cv-330-DCN |
| Defendants, | ) ) ) |
| and | ) ) |
| AMERICAN FARM BUREAU FEDERATION, et al. | ) ) ) |
| Intervenor-Defendants. | ) ) |

### PLAINTIFFS' RESPONSE TO UNITED STATES' REQUEST FOR EXPEDITED CONSIDERATION OF MOTION TO STAY JUDGMENT AND REQUEST FOR STATUS CONFERENCE

Plaintiffs submit this brief response to the United States' Request for Expedited Consideration of its Motion to Stay Judgment Pending Appeal.[1] In that motion, Federal Defendants ask this court to consider their stay motion "on an expedited basis, and to render a decision before September 4th." Dkt. 74 at 1. This is a mere 10 days after the motion was filed, and before the due date for Plaintiffs' response to the motion on September 6.

Federal Defendants further issue an ultimatum to this Court, explaining that "[i]f no decision is made by that date, the Agencies plan to seek relief from the Fourth Circuit." *Id.* But this is improper under the Local Rules, which provide that a motion to stay must be presented to the district court and that an applicant for a stay may only seek relief from the appellate court

---

[1] As noted throughout, Plaintiffs will respond more fully to the motions to stay. This motion only addresses the Federal Defendants' request for expedited review.

after it "show[s] that application to the trial court for the relief sought is not practicable or that the trial court has denied an application or has failed to afford the relief that the applicant requested, with the reasons given by the trial court for its action." Local Rule 62.02. Obtaining relief from the trial court is hardly "not practicable" when a motion has only been pending for 10 days and no response to that motion is yet due.

Notably, Plaintiffs also have a pending Motion for Clarification or Rehearing that was filed prior to the United States' Motion to Stay, and which, if granted, would correct Industry-Intervenor and Federal Defendants' flawed reading of this Court's August 16, 2018 Order. A ruling on Plaintiffs' motion would also potentially modify the arguments made in the Defendants' stay motions, namely the arguments made regarding the likelihood of success in having this Court's "nationwide injunction" overturned on appeal.

Plaintiffs respectfully request that the Court convene a status conference as soon as practicable to discuss an orderly disposition of the pending motions. But in any case, the Court should deny Federal Defendants' request for expedited review and should rule on the pending Motion for Clarification or Rehearing before addressing either stay motion, and should allow Plaintiffs their full time period to respond to the pending stay motions.

Respectfully submitted this 24th day of August, 2018.

*s/ J. Blanding Holman IV*
D.S.C. Bar No. 9805
bholman@selcsc.org
Southern Environmental Law Center
463 King Street, Suite B
Charleston, SC 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039

*s/ Frank S. Holleman III*
Bar No. 1911
fholleman@selcnc.org

*s/ Geoffrey R. Gisler*
N.C. Bar No. 35304
*Admitted pro hac vice*
ggisler@selcnc.org
Southern Environmental Law Center
601 West Rosemary Street, Suite 220
Chapel Hill, NC  27516-2356
Telephone:  (919) 967-1450
Facsimile:  (919) 929-9421

*Attorneys for Plaintiffs*

3